FILED
U.S. DISTRICT COURT
         DIV.
2012 JUN 18 AM 10: 20
CLERK_____
     SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DARRELL C. LONDON,

    Petitioner,

vs.

ANTHONY HAYNES, Warden;
FEDERAL BUREAU OF PRISONS;
and ATTORNEY GENERAL OF THE
UNITED STATES,

    Respondents.

CIVIL ACTION NO.: CV212-036

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Darrell C. London ("London"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and London filed a Traverse. For the reasons which follow, London's petition should be **DENIED**.

## STATEMENT OF THE CASE

London was arrested in Florida by state authorities on September 18, 2008, for various drug offenses. (Doc. No. 11-2, pp. 7–9). Those charges were nolle prossed on October 8, 2008, and January 23, 2009. (Doc. No. 11-2, p. 2). However, London remained in state custody on charges from a prior arrest. (Id.). On February 12, 2009, London was sentenced to a term of imprisonment of one year, 10 months, and 20 days in relation to the charges stemming from the before-mentioned prior arrest. (Doc. No. 11-2, p. 12).

AO 72A
(Rev. 8/82)

On July 22, 2009, London was arrested by federal authorities, pursuant to a writ of habeas corpus ad prosequendum, on charges stemming from the same set of circumstances that led to his September 18, 2008, arrest by state officials. (Doc. No. 11-2, p. 2). London pled guilty to the federal charges on January 19, 2010. (Id.). London was sentenced by the United States District Court for the Middle District of Florida on April 23, 2010, to a term of imprisonment of 77 months; the court ordered his federal sentence to be served concurrent with his state sentences. (Doc. No. 11-2, pp. 16–17). London's federal sentence began to run the day it was imposed, April 23, 2010; he was awarded 147 days of credit for the period from September 18, 2008, to February 11, 2009. (Doc. No. 11-2, p. 24). London was released from state custody on April 27, 2010. (Doc. No. 11-2, p. 11). He was committed to the Bureau of Prisons ("BOP") on August 27, 2010.[1] (Doc. No. 11-2, p. 23).

In the instant petition, London seeks an adjustment of his federal sentence. London seeks "credit [to] his federal sentence with all pre-detention credits from September 18, 2008 to the present." (Doc. No. 1, p. 8). London argues that the BOP erred by failing to honor his "request for a nunc pro tunc designation of the State of Florida facility as a Federal facility in order to credit his federal sentence with pretrial detention time served[.]" (Doc. No. 1, p. 12). Respondent contends that London's request for credit should be denied.

---

[1] BOP records do not provide information regarding London's whereabouts between April 27, 2010, and August 27, 2010; the government's brief offers no clarification. The judgment from the Middle District of Florida indicates that London was remanded to the custody of the United States Marshal upon imposition of his sentence on April 23, 2010. (Doc. No. 11-2, p. 17). BOP records show that London's sentence commenced on April 23, 2010, (Doc. No. 11-2, p. 24), despite his committal date of August 27, 2010, (Doc. No. 11-2, p. 23).

2

## DISCUSSION AND CITATION OF AUTHORITY

It is the duty of the United States Attorney General, acting through the BOP, to determine the amount of credit due for the time served by the defendant prior to sentencing. United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010). The BOP must adhere to the following guidelines when determining the amount of credit due:

> (a) Commencement of a sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentences commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

London was arrested by state authorities on September 18, 2008. (Doc. No. 11-2, p. 7). London's state sentences commenced on February 12, 2009. (Doc. No. 11-2, p. 12). London's federal sentence commenced on April 23, 2010, the date it was issued, while he was still serving his state sentences, (Doc. No. 11-2, p. 24), because it was set to run concurrent with his state sentences. London received 147 days of credit toward his federal sentence for the period from September 18, 2008, to February 11,

3

2009—the period of time when he was in state custody for the charges leading to his eventual federal conviction. (Id.).

London's federal sentence has run continuously from April 23, 2010, to the present. (Doc. No. 11-2, p. 24). Therefore, each day during the period from April 23, 2010, to the present has counted toward his federal sentence. London is not entitled to any additional credit for that period of time.

London argues, in his Traverse, that he should receive credit toward his federal sentence for the period from February 12, 2009, to April 22, 2010—the period of time when he served his state sentences before his federal sentence commenced—because that was the intent of the sentencing court when it imposed a concurrent sentence. Citing Ruggiano v. Reish, 307 F.3d 121 (3d Cir. 2002), and Briones v. Tamez, 2012 WL 385438 (N.D. Tex. Feb. 6, 2012), London asserts that "in imposing a sentence, a district court may grant an adjustment for time served on a preexisting sentence pursuant to U.S.S.G. § 5G1.3(c). . . . Simply put, U.S.S.G. § 5G1.3(c) allows a federal court to award a concurrent sentence in a manner that would require the BOP to give credit for the time petitioner spent in federal detention even though that time already was credited toward service of his non-federal sentence." (Doc. No. 12, p. 3). Essentially, London is arguing that his federal sentence, which was imposed to run concurrently with his state sentences and commenced on April 23, 2010, the date it was issued, should have been retroactively commenced on February 12, 2009, the date his state sentences commenced.

The Court of Appeals for the Eleventh Circuit has determined that the word "concurrent" "does not mean that the two sentences 'hav[e] the same starting date

4

because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.'" Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)).

In Briones, the § 2241 petitioner's federal sentence, which was imposed on March 17, 2006, was imposed to run concurrently with his state sentence, which he was serving at the time the federal sentence was imposed. However, the petitioner's federal sentence actually commenced following the completion of his state sentence. As a result, the petitioner was awarded credit on his federal sentence for the time he served on his state sentence after March 17, 2006. Briones, 2012 WL 385438. He was not awarded any credit for time served on his state sentence before the imposition of his federal sentence. Unlike the petitioner in Briones, London's federal sentence, which was imposed on April 23, 2010, and imposed to run concurrently with his state sentences, actually commenced on April 23, 2010. Therefore, London's federal sentence properly ran concurrently with his state sentences, and the decision in Briones does not counsel in favor of an award of any additional credit toward London's federal sentence.

In Ruggiano, the Court of Appeals for the Third Circuit determined that the federal sentencing court intended to adjust the petitioner's federal sentence downward when it imposed a sentence to run concurrent with the petitioner's state sentence. As a result, the petitioner's federal sentence was reduced from a total of 112 months to a total of 98 months. See Ruggiano, 307 F.3d at 126, 136. The Third Circuit relied on the phrasing used by the sentencing court to reach this determination. The written

5

sentence stated: "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 112 months. Sentence imposed to run concurrent with State sentence. Defendant to receive credit for time served." Ruggiano, 307 F.3d at 131. The Third Circuit specifically noted that, "the court's oral sentence granted the 'credit' immediately after referring to Ruggiano's state sentence[.] . . . The written sentence evinces a similar intent[.]" Ruggiano, 307 F.3d at 132. London asserts that the United States District Court for the Middle District of Florida intended to commence his sentence retroactively when it imposed his federal sentence to run concurrent to his state sentences; this would give essentially the same result as that reached in Ruggiano. London's federal sentence states:

> The defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a total term of <u>SEVENTY-SEVEN (77) MONTHS</u> as to count one of the Indictment with credit for time served to be calculated by the United States Bureau of Prisons. This sentence is to run CONCURRENTLY with the State of Florida sentences imposed in Case No. 08-CF-9042 and Case No. 08-CF-16944, 13th Judicial Circuit Court, State of Florida, Hillsborough County.

(Doc. No. 11-2, p. 17). London's sentence cannot reasonably be read as "evinc[ing] a similar intent" as the sentence imposed in Ruggiano. The "credit" given in London's sentence refers to credit owed to him by the Bureau of Prisons under 18 U.S.C. § 3585(b); whereas, the "credit" given in Ruggiano's sentence referred to a downward adjustment in total sentence granted by the sentencing court under U.S.S.G. § 5G1.3. Ruggiano, 307 F.3d at 132–33. Therefore, London's federal sentence properly ran concurrently with his state sentences, and the decision in Ruggiano does not counsel in favor of an award of any additional credit toward London's federal sentence.

6

Not only do the cases cited by London not support his argument that his federal sentence should have retroactively commenced on February 12, 2009, the date his state sentences commenced, the Eleventh Circuit has decided that such an intent, by a sentencing court, must be clearly stated. In United States v. Perez, 151 F. App'x 773 (11th Cir. 2005), a federal defendant filed a motion for a nunc pro tunc order seeking credit toward his federal sentence for the time he spent serving a state sentence in federal custody prior to his federal sentencing. Perez argued that his federal sentence was meant to run completely concurrent with his state sentence, requiring retroactive commencement of his federal sentence. The Eleventh Circuit explained that "[t]he record [did] not reflect that the district court sought to impose a sentence retroactive to the beginning of Perez's state sentence." Id. at 776. Like the federal sentence imposed in Perez, London's federal sentence does not reflect that the district court sought to impose a sentence retroactive to the beginning of his state sentences.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that London's § 2241 petition be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 18th day of June, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE