FILED
U.S. DISTRICT COURT

2012 JUL -9 AM 11: 46

CLERK_____
SO. DIST. OF GA.

DARRELL C. LONDON,                          :

                 Petitioner,              :

           vs.                                :      CIVIL ACTION NO.: CV212-036

ANTHONY HAYNES, Warden;                     :
FEDERAL BUREAU OF PRISONS;                  :
and ATTORNEY GENERAL OF THE                 :
UNITED STATES,                              :

                Respondents.            :


## O R D E R

Petitioner Darrell C. London ("London") filed Objections to the Magistrate Judge's Report dated June 18, 2012, which recommended that London's 28 U.S.C. § 2241 petition be denied. After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

In his petition, London seeks an adjustment of his federal sentence. London seeks "credit [to] his federal sentence with all pre-detention credits from September 18, 2008 to the present." (Doc. No. 1, p. 8). London argues that the Bureau of Prisons ("BOP") erred by failing to honor his "request for a nunc pro tunc designation of the State of Florida facility as a Federal facility in order to credit his federal sentence with pretrial detention time served[.]" (Doc. No. 1, p. 12). The Magistrate Judge determined that London received all pre-sentencing credit he was due. The Magistrate Judge also

determined that London is not entitled to nunc pro tunc designation of the State of Florida facility as a federal facility because London's federal sentence properly ran concurrently with his state sentence.

In his Objections, London first states that "[a]t the risk of being obvious, the R & R contravenes one of the most basic fundamental rights under the Constitution, i.e., the right to be heard and in a meaningful manner." (Doc. No. 15, p. 1). The undersigned disagrees. The Magistrate Judge considered the merits of London's petition and concluded that his petition should be denied. A recommendation of denial of London's petition certainly does not mean that London's arguments were not heard.

Next, London argues that "without the Sentencing transcripts this Court cannot discern the intent of the Sentencing Court." (Doc. No. 15, p. 2). London cites Perry v. Hickey, 2009 U.S. Dist. Lexis 125423 (S.D. Ga. Nov. 20, 2009), claiming that in that document the undersigned ordered production of records consistent with 28 U.S.C. § 2249. The Perry document cited by London is a Report and Recommendation written by Magistrate Judge James E. Graham. In the Perry Report the Magistrate Judge did not order production of records; in fact, there is no discussion of sentencing transcripts or any other records in that document. The Perry Report does not stand for the proposition that without sentencing transcripts a different court cannot discern the intent of the sentencing court. Furthermore, the Court does not agree with London that sentencing transcripts are necessary to discern the intent of the sentencing court. London's federal sentence states:

> The defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a total term of SEVENTY-SEVEN (77) MONTHS as to count one of the Indictment with credit for time served to be calculated by the United States Bureau of Prisons. This sentence is to

AO 72A
(Rev. 8/82)

run CONCURRENTLY with the State of Florida sentences imposed in Case No. 08-CF-9042 and Case No. 08-CF-16944, 13th Judicial Circuit Court, State of Florida, Hillsborough County.

(Doc. No. 11-2, p. 17). This sentence is not ambiguous. As discussed in the Magistrate Judge's Report, the Court of Appeals for the Eleventh Circuit has determined that the word "concurrent" "does not mean that the two sentences 'hav[e] the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.'" Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)). Additionally, the Eleventh Circuit has found that in order for a sentence to be retroactively commenced, such an intent by the sentencing court must be clearly stated. See United States v. Perez, 151 F. App'x 773 (5th Cir. 2005). London's federal sentence states that it is for a *total* of 77 months; retroactive commencement of his sentence via a nunc pro tunc designation would, in effect, shorten the sentence, and thus is at odds with the language of the sentence. As a result, it is clear from the unambiguous sentence that the sentencing court intended for London to serve a total of 77 months with the sentence to begin on the date of imposition, as opposed to after the completion of his state sentences, in order to give effect to the mandate that the sentence run concurrent to London's state sentences. A review of the sentencing transcript is unnecessary.

In his third and fourth Objections, London argues that the Magistrate Judge failed to address his claim that the BOP considered his request for nunc pro tunc designation of the State of Florida facility as a federal facility under the wrong Program Statement. The Magistrate Judge determined that London is not entitled to the nunc pro tunc

AO 72A
(Rev. 8/82)

designation requested. As explained in the preceding paragraph, and more specifically in the Magistrate Judge's Report, London's sentence commenced on the proper date. Additionally, as explained in the Magistrate Judge's Report, London received all pre-sentence credit to which he was entitled. Because London has received all credit he is due, he is not entitled to nunc pro tunc designation of the State of Florida facility as a federal facility.

London's Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. London's 28 U.S.C. § 2241 petition is **DENIED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this _6_ day of _July_, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)